UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22175-CIV-ALTONAGA

LAWRENCE MEADOWS,

    Plaintiff,
vs.

AMERICAN AIRLINES, INC., *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on *pro se* Plaintiff, Lawrence Meadows's ("Meadows['s]") Motion and Memorandum for Rule 60(b) Relief . . . ("Motion") [ECF No. 89], filed March 19, 2014. On April 4, 2014, Defendants, American Airlines, Inc. ("American Airlines") and American Airlines, Inc. Pilot Retirement Benefit Program & Pension Benefits Administration Committee (collectively, "Defendants") filed their Response in Opposition . . . ("Response") [ECF No. 90]. Meadows filed a Reply . . . ("Reply") [ECF No. 93] on April 14, 2014. The Court has carefully considered the Motion, the record, and applicable law.

## I. BACKGROUND

This case involves a former American Airlines pilot's claim for disability benefits. Meadows, a former pilot for American Airlines, filed his Complaint for Disability Benefits ("Complaint") [ECF No. 1] against Defendants on July 1, 2010. In his Complaint, Meadows alleged the Defendants' termination of his disability benefits claim was arbitrary and capricious. (*See* Compl. ¶¶ 30–31).

On March 24, 2011, the Court granted summary judgment in favor of Defendants. (*See* March 24, 2011 Order ("Summary Judgment Order") [ECF No. 48]). In the Summary Judgment

Order, the Court noted that under Meadows's benefit plan, American Airlines's Pilot Retirement Benefit Program (the "Plan"), clinical disputes regarding a beneficiary's claimed disability are referred to an independent clinical authority whose determination of the nature and extent of the claimed disability is final and binding. (*See* Summ. J. Order 3, 10 (citation omitted)). At the time of Meadows's disability claim, American Airlines and the Pilots' Union had selected Western Medical Evaluators, Inc. ("WME") as the independent clinical authority to reconcile clinical disputes. (*See id.* 10 (citation omitted)). WME, through Dr. Mark Moeller, evaluated Meadows and concluded Meadows's file did not objectively reflect continued impairment or the presence of major depression or "Bipolar II." (*Id.* 11 (citation omitted)). Dr. Moeller's report indicated Dr. Karen Grant, another WME independent medical director, concurred with his findings. (*See id.* (citation omitted)). Dr. Grant's concurrence was memorialized in her own June 5, 2008 letter. (*See id.* (citation omitted)). Defendants terminated Meadows's disability benefits based on Meadows's inability to present evidence regarding his continued disability and the WME evaluations. (*See id.* 11–12).

In granting summary judgment for Defendants, the Court concluded "even if Defendants' termination of benefits could be regarded as *de novo* wrong, the decision was not arbitrary and capricious, and thus must be affirmed." (*Id.* 39). The Court noted Defendants, in making their determination, relied on the lack of objective evidence of a disability as well as various other sources, including reports from the WME reviewers and Meadows's treating physician. (*See id.* 28). The Eleventh Circuit affirmed the Court's decision on May 29, 2013 and issued its mandate on August 2, 2013. (*See* Mandate [ECF No. 75]). In its judgment, the Eleventh Circuit agreed the termination of Meadows's benefits "was not arbitrary and capricious when Meadows failed to provide the Plan administrators with sufficient evidence to establish that his condition had

2

been properly diagnosed and treated." (*Id.*).

In his Motion, Meadows requests the Court set aside the Summary Judgment Order, issued by the Court on March 24, 2011, pursuant to Federal Rule of Civil Procedure 60(b)(2), (b)(3), or (b)(6), or Rule 60(d)(3), asserting he has obtained new evidence demonstrating Dr. Grant's June 5, 2008 letter is a forgery. (*See* Mot. 3–4). The new evidence Meadows presents is a February 20, 2014 letter from Dr. Grant ("February 20, 2014 Grant Letter"), in which Dr. Grant writes:

> [WME] periodically requested I review their medical records and answer a questionnaire attached to the records. I can tell you any copy of Western Medical Evaluations, Inc. [sic] letterhead purported to have written [sic] and signed by me was not of my doing. I do not have nor have I ever had any of their stationary.

(Mot. Ex. 19 – February 20, 2014 Letter from Dr. Karen Grant ("February 20, 2014 Grant Letter") [ECF No. 89 at 94]). Meadows insists the February 20, 2014 Grant Letter demonstrates WME provided fraudulent medical reports to Defendants, which led Defendants to erroneously terminate Meadows's disability benefits. (*See* Mot. 17).

Meadows argues his Motion is timely under Rule 60(c), as it was filed less than one year after the Eleventh Circuit issued its mandate. (*See id.* 3). In the alternative, Meadows requests the Court "exercise its inherent powers under Rule 60(d) . . . to set aside a judgment for fraud on the court." (*Id.*).

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

To prevail on a motion for relief under Rule 60(b)(2) based on newly discovered evidence, a party has to demonstrate:

>  that the evidence was discovered following the trial, that he used due diligence to discover the evidence at the time of the trial, that the evidence is not merely cumulative or impeaching, that it is material, and that a new trial in which the evidence was introduced would probably produce a different result.

*Gundotra v. U.S. Dep't of I.R.S.*, No. 00-7065-Civ-ALTONAGA, 2004 WL 2827965, at *3 (S.D. Fla. Oct. 14, 2004) (quoting *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 597 (5th Cir. 1980)).

A motion made pursuant to Rule 60(b)(2) is an "extraordinary" one, and the requirements for relief must be "strictly met." *Johnson Waste Materials*, 611 F.2d at 597 (citation omitted). Therefore, "parties bringing an independent action based on newly discovered evidence bear a heavy burden to demonstrate that they have satisfied the requirements outlined above." *Id.* at 597–98.

To obtain relief based upon fraud under Rule 60(b)(3), "'the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct.'" *Solomon v. DeKalb Cnty., Ga.*, 154 F. App'x 92, 94 (11th Cir. 2005) (quoting *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th

Case 1:10-cv-22175-CMA   Document 94   Entered on FLSD Docket 05/14/2014   Page 5 of 13

CASE NO. 10-22175-CIV-ALTONAGA

Cir. 2003)). "'The moving party must also demonstrate that the conduct prevented them [sic] from fully presenting his case.'" *Id.* (quoting *Waddell*, 329 F.3d at 1309).

Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for "any other reason that justifies belief." FED. R. CIV. P. 60(b)(6). "Rule 60(b)(6) generally embraces only grounds of relief not covered by the first five subdivisions of Rule 60(b)." *Scola v. Boat Frances, R., Inc.*, 618 F.2d 147, 154–55 (1st Cir. 1980) (citing *Klapprott v. United States*, 335 U.S. 601, 613 (1949); *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)); *see also Lender v. Unum Life Ins. Co. of Am., Inc.*, 519 F. Supp. 2d 1217, 1223 (M.D. Fla. 2007) ("The provisions of Rule 60(b) are mutually exclusive, meaning a movant cannot offer reasons for relief under the Rule 60(b)(6) motion that could otherwise be considered under one of the more specific provisions of Rule 60(b)(1)–(5)." (citations omitted)).

"A motion made under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). "This one-year limitation is not tolled by filing an appeal." *Pierce v. Kyle*, 535 F. App'x 783, 784 (11th Cir. 2013) (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971)) (footnote call number omitted). "If the appeal results in a substantive change . . . then the time would run from the substantially modified order entered on mandate of the appellate court." *Id.* at 784–85 (citing *Transit Cas. Co.*, 441 F.2d at 791).

"However, Rule 60(d)(3) allows for relief from a final judgment that is more than one year old if the movant can show 'fraud on the court.'" *Gupta v. Walt Disney World Co.*, 482 F. App'x 458, 459 (11th Cir. 2012) (quoting FED. R. CIV. P. 60(d)(3)).

> Where relief from a judgment is sought due to fraud on the court, the fraud must be established by clear and convincing evidence. Only the most egregious

> misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Stated differently, the movant must show an unconscionable plan or scheme to improperly influence the court's decision. Fraud between parties does not constitute fraud on the court, as it does not carry the same threat of public injury.

*Id.* (internal quotation marks, internal citations, and alteration omitted).

### III. ANALYSIS

In his Motion, Meadows claims he is entitled to relief pursuant to Rule 60(b)(2), (b)(3), or (b)(6), or Rule 60(d) because one of the two independent clinical evaluations submitted by Defendants in support of their decision to terminate Meadows's benefits is allegedly fraudulent. (*See* Mot. 3–4, 15–17). Defendants assert Meadows's Motion is untimely under Rule 60(c), and in any event, his argument fails to meet the exacting standards of Rules 60(b) and 60(d). (*See generally* Resp.).

Federal Rule of Civil Procedure Rule 60(b)(2) authorizes courts to relieve a party from a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). Rule 60(b)(3) authorizes relief based on fraud or misconduct by an opposing party. *See* FED. R. CIV. P. 60(b)(3). In his *pro se* Motion, Meadows argues the letter from Dr. Grant is ground for relief pursuant to Rule 60(b)(2) or 60(b)(3).

Meadows has not met the standard for relief pursuant to Rule 60(b)(2) or Rule 60(b)(3). First, his Motion is untimely. A motion made under Rule 60(b)(2) or 60(b)(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Meadows seeks relief from the Court's order granting summary judgment, which was issued on March 24, 2011— almost three years before Meadows filed his Motion on March 20, 2014. Meadows argues his Motion is nevertheless timely because it was filed within a

6

year of the Eleventh Circuit's mandate, issued on August 2, 2013. (*See* Mot. 3).[1]

Meadows's position is not well-taken. As the Eleventh Circuit has noted, the one-year limitation is not tolled by an appeal. *See Pierce*, 535 F. App'x at 784. As explained, if the appellate judgment results in a substantive change, the time would run from the substantially modified order entered following the mandate. *See id.* at 784–85. Here, the Eleventh Circuit affirmed the Court's decision. (*See* Mandate). Therefore, Meadows's Motion is completely time-barred as to relief sought under Rule 60(b)(2) or 60(b)(3).

Second, even if the Motion was timely filed, it nevertheless fails on the merits. To merit relief under Rule 60(b)(2), Meadows must demonstrate, among other things, "that he used due diligence to discover the evidence at the time of the trial, that the evidence is not merely cumulative . . . and that a new trial in which the evidence was introduced would probably produce a different result." *Gundotra*, 2004 WL 2827965, at *3. Meadows bears a heavy burden to demonstrate he has satisfied these requirements. *See Johnson Waste Materials*, 611

---

[1] In his Reply, Meadows presents two new bases for the Court to consider his Rule 60(b) Motion timely. The first is that his Motion is timely because American Airlines entered bankruptcy eight months after the Court issued its Summary Judgment Order, which Meadows argues tolls the one-year limitation period for Meadows to file his Rule 60(b) Motion. (*See* Reply 4). Alternatively, Meadows contends "the Court may exercise i[t]s discretion in favor of enlarging time limits as necessary" under Federal Rule of Civil Procedure 6(b). (*Id.* 4).

As an initial matter, the Court notes Meadows's additional arguments regarding timeliness — raised for the first time in his Reply — do not merit consideration, as Defendants have not had an opportunity to respond. *See Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen*, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("It is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief." (citation omitted)); *Flamenbaum v. Orient Lines, Inc.*, No. 03-22549-CIV, 2004 WL 1773207, at *14 (S.D. Fla. July 20, 2004) (declining to consider arguments raised for the first time in a reply brief). Nevertheless, the Court has briefly considered Meadows's arguments.

Meadows's assertion that American Airlines's bankruptcy tolls the time limit for a Rule 60(b) Motion, introduced for the first time in his Reply (*see* Reply 3–4), is not accompanied by any supporting authorities (*see id.*), and the Court was unable to find any. In any event, even if Meadows's Motion was timely under Rule 60(b), it still fails on the merits, as explained in this Order. Furthermore, Meadows is incorrect in arguing the Court may exercise discretion pursuant to Rule 6(b) (*see* Reply 4), as Rule 6(b) expressly states "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." FED. R. CIV. P. 6(b)(2).

F.2d at 598.

Meadows has not demonstrated he used due diligence to discover the evidence at the time of the Summary Judgment Order.  In his Motion, Meadows himself admits he could have discovered the new evidence in 2010, arguing "[s]ometime in 2010, American [Airlines] was put on notice in another disabled American pilot's ERISA case, *Emery v. American Airlines, Inc.*" (Mot. ¶ 25 (alterations added)).  Meadows, who was represented by counsel at the time, filed his own motion for summary judgment on February 7, 2011 (*see* [ECF No. 31]), and responded to American Airlines's summary judgment motion on March 2, 2011 (*see* [ECF No. 38]).  Meadows offers no explanation as to why he did not pursue information regarding the authenticity of Dr. Grant's report at that time, or why any constructive notice attributed to American Airlines would not also be attributed to him.  (*See generally* Mot.; Reply).

Meadows admits he learned in April 2011 that the WME reports were possibly fraudulent.  (*See* Reply 6 ("Plaintiff didn't learn until three weeks after this Court entered its March 24, 2011, Order and Final Summary Judgment that WME's 'independent' doctors['] reports were suspected as being fraudulent . . . in particular the signature of Dr. Grant." (alteration added))).  Meadows argues he shortly thereafter sought to alter the judgment pursuant to Federal Rule of Civil Procedure 59 "[b]ased on . . . new preliminary evidence of WME's medical billing fraud scheme."  (*Id.*; *see also* Plaintiff's Motion to Alter Judgment [ECF No. 51], filed April 21, 2011).  Although Meadows's Motion to Alter Judgment is critical of WME and its practices, it never argues Dr. Grant's letter was fraudulent.  (*See generally* Pl.'s Mot. to Alter J.).

Instead of diligently pursuing this information, Meadows waited until after July 2013 — when he was prompted by another litigant's success in procuring evidence — to request Dr. Grant examine the report purportedly written by her.  (*See* Mot. ¶¶ 28–29; Reply 6–7).  In

February 2014, Meadows received the February 20, 2014 Grant Letter, in which she states any copies of WME's letterhead purported to have been written and signed by her were not of her doing. (*See* February 20, 2014 Grant Letter). Meadows has failed to demonstrate the requisite due diligence necessary for relief under Rule 60(b)(2).

Meadows has also failed to show that a new trial in which the evidence was introduced would probably produce a different result, as required for relief under Rule 60(b)(2). As the Summary Judgment Order makes plain, Meadows's benefits were terminated in part for his failure to present objective evidence regarding a qualifying disability. (*See* Summ. J. Order 25–29). The reports from Drs. Moeller and Grant simply articulate what objective evidence might look like with respect to Meadows's claimed disability, and conclude, based on the lack of objective evidence, that Meadows has not been properly diagnosed with a qualifying disability. (*See id.* 11, 18, 24, 28, 35). The Court noted Defendants, in deciding to terminate Meadows's benefits, considered the lack of objective evidence as well as "the review of two independent medical doctors, reports from Mr. Meadows's treating practitioner, the fact that the initial diagnosis was a limited disorder under the DSM, and other relevant considerations." (*Id.* 28). In short, Defendants relied on multiple sources of information in making their determination, only one of which was Dr. Grant's report. (*See id.* 24, 28).

Additionally, Dr. Grant's report is cumulative. It echoes Dr. Moeller's report, and the Court's Summary Judgment Order consistently treats the two together. (*See id.* 11, 18, 24, 28, 35). The February 20, 2014 Grant Letter Meadows now presents only makes a general reference to the authenticity of Dr. Grant's report. (*See* February 20, 2014 Grant Letter ("I can tell you any copy of Western Medical Evaluations, Inc. [sic] letterhead purported to have written [sic] and signed by me was not of my doing.")). The letter from Dr. Grant never conclusively states her

9

June 5, 2008 report regarding Meadows's claim is fraudulent, nor does her letter make any statements or representations as to the authenticity of Dr. Moeller's report or WME's practices generally. (*See id.*). This new evidence, at most, impugns the authenticity of Dr. Grant's June 5, 2008 report, and is a far cry from an indictment of WME's general practices.

Three years after the Summary Judgment Order, Meadows presents evidence that, at best, indicates both Defendants and the Court should have disregarded Dr. Grant's report. But Meadows has failed to establish that, even in the absence of Dr. Grant's report, the Court would have come to a different result. For all the reasons discussed, Meadows has not "strictly met" the requirements for relief under Rule 60(b)(2), which is an "extraordinary" remedy. *Johnson Waste Materials*, 611 F.2d at 597 (citation omitted). Accordingly, Meadows is not entitled to relief under Rule 60(b)(2).

Meadows's claim for relief under Rule 60(b)(3) similarly fails on the merits. For the Court to set aside the Summary Judgment Order based on fraud under Rule 60(b)(3), Meadows would have to "prove by clear and convincing evidence" that American Airlines "obtained the verdict through fraud, misrepresentations, or other misconduct." *Solomon*, 154 F. App'x at 94 (citation omitted). Meadows would also have to demonstrate the alleged fraud prevented him from fully presenting his case. *See id.* (citation omitted).

Meadows has failed to carry his burden under Rule 60(b)(3). He has not proven by clear and convincing evidence that American Airlines obtained the judgment through fraud, nor has he demonstrated the alleged fraud prevented him from fully presenting his case. "Overall, Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Cordell v. Pac. Indem. Co.*, 380 F. App'x 942, 943 (11th Cir. 2010) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). "[R]elief under Rule 60(b)(3) requires

a party [to] show that [he] has a meritorious claim that [he] was prevented from fully and fairly presenting at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." *Nat'l City Bank v. Sunland Homes, Inc.*, No. 07-80933-CIV, 2013 WL 1213091, at *2 (S.D. Fla. Mar. 25, 2013) (internal quotation marks and citation omitted; alterations added).

Meadows has not argued, let alone established, that any alleged fraud or misconduct prevented him from presenting his version of the facts. Therefore, he is not entitled to relief under Rule 60(b)(3). *See Cordell*, 380 F. App'x at 944 ("Cordell has not explained how Pacific's introduction of the [allegedly fraudulent] report into evidence prevented him from fully and fairly presenting his case." (alteration added)); *Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2012 WL 3597514, at *3 (S.D. Fla. Aug. 20, 2012) ("[N]othing that Plaintiff presented to the Court . . . prevented Defendants from fully and fairly presenting their version of the facts." (alteration added)).

Here, it is clear Meadows, who was represented by counsel at the time of the summary judgment proceedings, had a full and fair opportunity to present his case. Meadows argues Defendants should have been on notice regarding the possibly fraudulent nature of Dr. Grant's report (*see* Mot. 8, ¶ 25)), but fails to acknowledge such constructive notice would similarly apply to him. "A party cannot successfully bring a Rule 60(b)(3) motion where the pursuit of the truth was not hampered by anything except the movant's own reluctance to undertake an assiduous investigation." *Armstrong v. The Cadle Co.*, 239 F.R.D. 688, 695 (S.D. Fla. 2007) (internal quotation marks, citations, and alterations omitted). The Court will not set aside a three-year-old judgment simply because Meadows now claims Dr. Grant's report — which ultimately is cumulative of Dr. Moeller's — is fraudulent, when Meadows and his counsel could have raised the argument and pursued this theory in 2010.

Meadows also seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6), which authorizes courts to relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Although Meadows argues Rule 60(b)(6) has "broad language" that "implicates the court's institutional integrity" (Mot. 19), Rule 60(b)(6) actually operates to the exclusion of the other bases for relief found in Rule 60(b). *See Lender*, 519 F. Supp. 2d at 1223 ("The provisions of Rule 60(b) are mutually exclusive, meaning a movant cannot offer reasons for relief under the Rule 60(b)(6) motion that could otherwise be considered under one of the more specific provisions of Rule 60(b)(1)–(5)." (citations omitted)). "Indeed, it is an abuse of the district court's discretion to rely on Rule 60(b)(6) to grant relief for conduct more appropriately challenged under another subsection of Rule 60(b)." *Gupta v. U.S. Att'y Gen.*, No. 13-10379, 2014 WL 685403, at *2 (11th Cir. Feb. 24, 2014) (citations omitted). Meadows has presented no independent basis for relief under Rule 60(b)(6) other than the bases considered by subsections (b)(2) and (b)(3), which have already been addressed by the Court. (*See generally* Mot.; Reply). Accordingly, Meadows is not entitled to relief under Rule 60(b)(6).

In the alternative, Meadows asks the Court to "exercise its inherent powers under Rule 60(d)" (Mot. 3), and grant him relief from the Summary Judgment Order "'for fraud on the court.'" (*Id.* (quoting FED. R. CIV. P. 60(d)(3))). Pursuant to Federal Rule of Civil Procedure 60(d)(3), the Court may — without limitations on timing — "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3).

The fraud Meadows asserts occurred is not the sort of egregious conduct required to establish fraud on the court under Rule 60(d). Meadows uses the February 20, 2014 Grant Letter to argue WME perpetuated a fraud on Defendants, but he fails to demonstrate how such conduct constitutes the "fraud on the court" contemplated by Rule 60(d)(3). FED. R. CIV. P. 60(d)(3). No

egregious misconduct, such as bribery of a judge, or the fabrication of evidence by a party in which an attorney is implicated, has been shown. *See Gupta*, 482 F. App'x at 459. At most, Meadows has shown fraud between parties, which does not constitute fraud on the court. *See id.*

He has not established any officers of the court were involved in the alleged fraud, nor has he shown any improper conduct designed to influence the Court's decision. (*See generally* Mot.; Reply). As a result, Meadows has not established grounds exist to set aside the Summary Judgment Order under Rule 60(d)(3). *See Gupta*, 482 F. App'x at 459 ("Gupta has not specifically alleged how any officers of the court were involved in the alleged fraud." (citations omitted)); *Gilley v. Monsanto Co. Inc.*, 428 F. App'x 883, 885 (11th Cir. 2011) ("Gilley's evidence of 'fraud' stems entirely from a purported scheme among the defendants to deny pension benefits to former employees. . . . Gilley fails to identify any improper misconduct designed to influence the decision of a court." (citing *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985))).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Meadows's Motion **[ECF No. 89]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of May, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
    Lawrence Meadows, *pro se*